
# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OSCAR MALDONADO and EDIBERTA REYES,<br><br>            Plaintiffs,<br><br>v.<br><br>TIBERIU FARKAS and 9038-8760 QUEBEC INC.,<br><br>            Defendants. | Case No. 2:13-cv-01126-APG-VCF<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>(Dkt. No. 18) |

The parties are aware of the factual and procedural background of this case. Plaintiffs have moved to remand on the basis that the amount in controversy does not exceed $75,000.[1]

Defendants assert diversity jurisdiction in their Notice of Removal.[2] Diversity jurisdiction requires that all plaintiffs be "citizens of different states" from all defendants (i.e., "complete diversity"), and that the amount in controversy exceeds $75,000.[3] In a diversity case, if the damages amount is ambiguous from the face of the state court complaint, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[4]

The parties do not contest that complete diversity exists; Plaintiffs are Nevada citizens and Defendants are citizens of Canada. As to the amount in controversy, the Complaint prays for "[c]ompensatory damages in excess of $10,000, according to proof at trial."[5] Plaintiffs seek

---

[1] (Dkt. No. 18.)

[2] (Dkt. No. 1.)

[3] 28 U.S.C. § 1332(a), (b).

[4] *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

[5] (Dkt. No. 1-1 at 8.)

attorney's fees and costs, but not punitive damages. Defendants have not filed an opposition to the motion to remand. Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Nevertheless, the Court has examined the merits of the motion to remand. In their Notice of Removal, Defendants contend that the amount in controversy exceeds $75,000 because of the severe nature of Plaintiffs' alleged injuries.[6] However, Defendants do not meet their burden by relying solely on Plaintiffs' description of their injuries, especially in light of Plaintiffs' meager $10,000 request and the absence of potential punitive damages. Moreover, Plaintiffs all but admit in their remand motion that the amount in controversy will not exceed $75,000.[7]

Accordingly, the Court GRANTS the motion to remand.

DATED this 29th day of April, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[6] (Dkt. No. 1 at 2.)
[7] (Dkt. No. 19 at 4.)